IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN GUSTIN                                                                                    PLAINTIFF

v.                                                                    CAUSE NO. 1:14CV434-LG-RHW

COMMISSIONER OF SOCIAL SECURITY                                      DEFENDANT

### ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE AND FAILURE TO EFFECT SERVICE OF PROCESS

This matter comes before the Court, *sua sponte*, for consideration of dismissal of Plaintiff's claims in this action for failure to effect service of process and want of prosecution pursuant to Rules 4(m) and 41(b) of the *Federal Rules of Civil Procedure*. Having reviewed the record in this action and applicable law, the Court has determined that Plaintiff's claims should be dismissed.

Plaintiff, through counsel, filed his Complaint on November 26, 2014. The docket reflects that the summons issued the same day was returned unexecuted. Summons again issued on March 4, 2015. On March 24, 2015, counsel for Plaintiff timely moved for an extension of time to serve process, as the 120-day period set forth in Federal Rule of Civil Procedure 4(m) was set to expire near the end of March. The Court granted Plaintiff a 60-day extension, until May 26, 2015, to effect service of process. Although the alias summons issued April 21, 2015, the docket contains no return on the summons, and Defendant has made no appearance.

Accordingly, on July 23, 2015 – almost two months after the date Plaintiff had been given to serve process – Magistrate Judge Robert H. Walker entered an

Order to Show Cause. (ECF No. 9). Pursuant to the Order, Plaintiff was to "show good cause, in writing, why this case should not be dismissed for failure to serve process on the Defendant." (*Id.*). The Magistrate Judge cautioned Plaintiff that "[f]ailure to respond as ordered may result in dismissal of this action." (*Id.*). Plaintiff, who is still represented by counsel, has not responded to the Order, and nothing has been filed in this action since April 21, 2015.

Federal Rule of Civil Procedure 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Furthermore, the Court may sua sponte dismiss an action or claim under Rule 41(b). *See Hickerson v. Christian*, 283 F. App'x 251, 253 (5th Cir. 2008); *see also Fox v. Mississippi*, 551 F. App'x 772, 775 (5th Cir. 2014).

Here, the Magistrate Judge warned Plaintiff that his failure to comply with the Court's Order could result in dismissal of this action. However, as discussed above, the Court has heard nothing from Plaintiff, and service has still not been effected on Defendant, although this action has been pending since November 2014.

Plaintiff filed this lawsuit; it is his responsibility to prosecute his claims, and he has not done so. Accordingly, the Court finds dismissal of Plaintiff's claims in this action proper under Federal Rule of Civil Procedure 41(b). *See Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998); *Fox*, 551 F. App'x at 775. The Court also finds

dismissal appropriate pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 7th day of August, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE